## KYLE v SHOERNDOEFER

Ohio Appeals, 2nd Dist, Franklin Co

No 2494. Decided April 12, 1935

Watson, Davis & Joseph, Columbus, for plaintiff in error.

Ralph G. Martin, Columbus, and Ralph E. Weaver, Columbus, for defendant in error.

## OPINION

By THE COURT

From such ruling of the court the defendant prosecutes error and in his petition in error states that the court erred in the followng respects:

(1) The court erred in overruling the motion of plaintiff in error (defendant below) for the appointment of a receiver.

(2) The court erred in overruling the motion of plaintiff in error (defendant below) to order the property seized by the court and returned to the plaintiff in error.

(3) The court erred in dismissing the cause of action.

(4) For other errors apparent of record to which the plaintiff at the time excepted.

The transcript of the docket and journal entries shows the following action of, the court as of date September 1st.

"This day this cause came on to be heard upon the final report and accounting of the former receiver herein, F. C. Shoerndoefer, and it appearing to the court that said final report and accounting shows full and complete disposition of the assets in the hands of the said receiver and the payment of the obligations of the receivership. It further appearing to the court that among said assets was an unauthorized account against The Michigan Tree Company for the sum of $87.37, which has to date been uncollected by the said former receiver, and that he has replaced the said account by cash in the full amount thereof and is entitled to the title and ownership of said account.

It is therefore ordered that said final report and account be and the same is hereby approved and confirmed; that the receiver's bondsmen be discharged and the account of The Michigan Tree Company in the sum of $87.87 be transferred to said receiver as an individual in lieu of $87.87 cash paid by him, and further that this action be dismissed without prejudice. To all of which defendant excepts."

This is the final entry in the case.

We think this entry constitutes a final disposition of the case.

The record does not disclose a motion for a new trial nor does it show that a bill of exceptions has been filed.

We do not know what testimony, if any,

may have been presented to the court which resulted in the findings made in this entry.

The record does not disclose what testimony, if any, may have been presented to the court upon the court's overruling the motions of defendant (plaintiff in error) herein.

In the absence of such showing we must assume that the court was justified in making the orders which it did.

Finding nothing in the record which would justify a reviewing court in holding that the court committed prejudicial error in any of the rulings contained in the journal entries found in the transcript of the docket and journal entries, the judgment of the lower court must be affirmed.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.